DEC 3 2024

CLERK U.S.

FILED

2024 DEC -3 PM 2:45

CLERK U.S. DISTRI   COURT
CENTRAL DIST. OF CALI
LOS ANGELES

BY: GSA

1
2
3
4
5
6
7
8

Aina Dumlao
3450 W. Cahuenga Blvd., #510
Los Angeles, CA 90068
Phone: 323-844-3553
E-Mail: aina.d.emailaddress@gmail.com

*Defendant, In Propria Persona*

9
10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

11
12
13
14

**JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016,**

**Plaintiff,**

v.

16
17
18
19
20
21

**AINA DUMLAO, AN INDIVIDUAL,**

**BRU MULLER, AN INDIVIDUAL,**

**AND DOES 1 THROUGH 10,**

**Defendants.**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**Case Number:** 2:24 cv 10410 CAS-BFM

**NOTICE OF REMOVAL**

**SUPPORTING DOCUMENTS**

Exhibit A: Summons

Exhibit B: Complaint With Supplemental Allegations

Exhibit C: Order dated October 3, 2024

Exhibit D: Declaration of Shiv Samtani

Exhibit E: Discovery Response from Joseph Evaristo

Exhibit F: Discovery Response from Catherine Evaristo

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1446, and 28 U.S.C. § 1331, Defendant, Aina Dumlao, hereby files this Notice of Removal from the Superior Court of the State of California in and for the County of Los Angeles, case number 24STCV10207, to the United States District Court for the Central District of California, Western Division, with the consent of all Defendants hereto.

1. This removal is pursuant to pursuant to 28 U.S. Code § 1446(b)(3), which states:

> "(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

2. Multiple papers gives rise to the right to removal including the Superior Court's October 3, 2024, Order (Exhibit C) as well as the Plaintiffs' October 9, 2024, admissions that they are not the parties in the instant state court action (Exhibit E, page 3 and Exhibit F, page 3). **SAID DATES ARE EFFECTIVELY WITHIN 30 DAYS OF THIS REMOVAL DUE AN INTERVENING BANKRUPTCY STAY from October 7, 2024 to November 20, 2024.**

3. Since this removal is being filed on December 3, 2024, and given the intervening bankruptcy stay, said instigating papers were issued within thirty days of the filing of

this removal as required by 28 U.S. Code § 1446(b)(3) as cited in point 1, above.

4. The Superior Court's October 3, 2024, Order serves to effectively bars the Defendant from conducting discovery; moreover said Order serves to effectively bar the Defendant's rights to file a motion for summary judgment. In these ways, the Defendant is effectively precluded from exercising her right not to be unjustly subjected to trial.

5. In particular, as explained in paragraph 11 of the *DECLARATION OF SHIV SAMTANI* (Exhibit D), on October 3, 2024, the Superior Court issued an Order setting a schedule for the state case such as would effectively deprive the Defendant of the opportunity to propound discovery or file a *Motion For Summary Judgment*; moreover, by denying the Defendant's rights to said items, the Superior Court thereby has also effectively denied the Defendant's' right not to be improperly subjected to the burden and expense of preparing for a trial and not to be improperly subjected to the jeopardy of a trial. *Abney v. United States,* 431 U.S. 651 (1977)

6. Furthermore, per the Plaintiffs' own admissions, Joseph Evaristo as trustee and Catherine Evaristo as trustee each lack standing because they are each a "party that does not exist in this matter." (Exhibit E, page 3 and Exhibit F, page 3)

7. The United States Supreme Court has held that, pursuant to the 14th Amendment to the United States Constitution, there exists a due process right to neither be improperly subjected to the burden and expense of preparing for a trial, nor to the jeopardy of a trial. See *Abney v. United States,* 431 U.S. 651 (1977). Other cases supportive of the right not to be improperly subjected to trial include: *Aspen Orthopaedics v. Aspen Valley Hosp,* 353 F.3d 832 (10th Cir. 2003); *Weise v. Casper,* 507 F.3d 1260, 1263-64 (10th Cir. 2007); *Digital Equipment Corp. v. Desktop Direct, Inc.,* 511 U.S. 863 (1994); *Mitchell v. Forsyth,* 472 U.S. 511, 530, a105 S.Ct. 2806,86 L.Ed.2d 411 (1985); *40 Pridgen v. Parker Hannifin Corp.,* 905 A.2d 422, 423-24 (Pa. 2006); *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 800-01, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989); *Williams v. Strickland,* 917 F.3d 763 (4th Cir. 2019); *Nixon v. Fitzgerald,* 457 U.S. 731 (1982); *Helstoski v. Meanor,* 442 U.S. 500 (1979); *Martin v. Memorial Hosp. at Gulfport,* 86 F.3d 1391 (5th Cir. 1996); *Estate of Kennedy v. Bell Helicopter Textron, Inc.,* 283 F.3d 1107, 1110 (9th Cir. 2002)

8. Said violation of the Defendant's' right not to be improperly subjected to trial – a right guaranteed by the 14th Amendment to the United States Constitution – gives rise to the right to removal pursuant to several doctrines, recognized by the United States Supreme Court, that serve as legally viable alternatives to the Well Pleaded Complaint Rule.

9. In particular, four major contemporary legal theories that serve as legally viable alternatives to the Well Pleaded Complaint Rule, and which are highly supportive of this removal, are: (a) the "Arising Under" Jurisdiction Doctrine, (b) the Grable Doctrine, (c) the Fastmetrix Doctrine; and (d) the Constitutional Supremacy Removal Doctrine.

10. The most recent of these theories that serve as alternatives to the Well Pleaded Complaint Rule, is the Constitutional Supremacy Removal Doctrine. Greatly influenced by the Grable and Fastmetrix Doctrines, the Constitutional Supremacy Removal  Doctrine holds that the federal courts should intervene in state court proceedings that egregiously violate the U.S. Constitution; moreover, federal removal jurisdiction should be granted, in such instances, provided that: (1) federal intervention is necessary in order to maintain the supremacy of the United States Constitution;  (2) there exists no viable remedy under State law; (3) federal abstention is inappropriate; and (4) the violation of the United States Constitution is substantial.

11. The 9th Circuit Court of Appeals provides a cogent history, often quoted in doctrinal cases, that provides some background as to the elements that have given rise to the principle underlying said doctrine:

> "The Court extended this supremacy-maintaining principle to the federal courts' review of state court decisions in *Martin v. Hunter's Lessee,* 14 U.S. (1 Wheat.) 304, 4 L.Ed. 97 (1816), and Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 5 L.Ed.

257 (1821). The Court explained in those cases that, although the Constitution itself did not grant the Supreme Court appellate jurisdiction over state court proceedings, once Congress had done so via the Judiciary Act of 1789, the Court had the authority and the responsibility to ensure that state court rulings conformed to the dictates of the Constitution. Once a federal court was charged with reviewing state court judgments, it could not, consistent with its duty to maintain the supremacy of the Constitution, uphold state court rulings that it concluded violated that supreme law. The federal courts' duty to 'say what the law is,' in other words, entailed a corresponding duty not to effectuate any law, whether made by Congress or by state courts, that ran counter to their own independent interpretation of the Constitution's strictures." *Crater v. Galaza,* 508 F.3d 1261, 1266-67 (9th Cir. 2007)

12. The Ninth Circuit Court of Appeals continues:

"In sum, the essential functions of the Article III 'judicial power,' as delineated by the Supreme Court over the past two centuries, are as follows: (1) The federal judiciary has the ultimate authority to interpret the Constitution. (2) Congress need not grant the federal courts jurisdiction over any particular class of cases, but once it has done so, it cannot interfere with the manner in which the federal courts interpret the law and decide cases. (3) The federal judiciary is duty-bound to maintain the supremacy of the Constitution, and thus a federal court cannot be required to give effect to any law — be it a federal statute or a state court decision — that, in the court's independent judgment, violates the Constitution." *Crater v. Galaza,* 508 F.3d 1261, 1266-67 (9th Cir. 2007)

13. The removed case meets all of the criteria of the Constitutional Supremacy Removal Doctrine very well.

14. Furthermore, since the Plaintiffs have admitted that each of them is a "party that does not exist in this matter," the state court lacks subject matter jurisdiction in

reference to the instant case. Moreover, accordingly, it would constitute futile act to

remand this action to the state court since the state court lacks the jurisdiction to do

anything with it.

15. Furthermore, one of the Maxims of Equity, that has become incorporated into

federal common law and California Code (Cal. Civ. Code § 3532), is the Maxim that:

**"Equity does not require an idle gesture. Equity will not do or require a
useless, vain, or futile thing."** 27A Am. Jur. 2d *Equity* § 91 (2019)

16. This Maxim is binding law upon this Honorable Court by virtue of the fact that it

is the law established by the precedence set by the 9th Circuit Court of Appeals:

### 9th Circuit Court of Appeals

"**The law does not require a party to perform a useless act**. e.g., *Comstock
Co. v. United Eng'r Constructors,* 880 F.2d 219,232 (9th Cir. 1989); *United
States v. Buffalo Coal Mining Co.,* 343 F.2d 561, 565 (9th Cir. 1965)." *Wilson
v. City of San Jose*, 111 F.3d 688, 693-94 (9th Cir. 1997)

"**The courts do not require one to do a useless act.**" *Sarei v. Rio Tinto*, 550
F.3d 822, 830 (9th Cir. 2008)

"However, '**[T]he law does not require the doing of a futile act.**' *Ohio v.
Roberts*, 448 U.S. 56, 74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)." *Thomas v.
Budge,* 291 F. App'x 28, 29 (9th Cir. 2008)

## 9th Circuit District Courts

**"This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed."** *FPCI RE-HAB 01 v. E & G Invs., Ltd.*, 207 Cal. App. 3d 1018, 1021 (Ct. App. 1989)." *Baum v. America's Servicing Co.,* No. 12-CV-00310-H (BLM), at *5 (S.D. Cal. Apr. 5, 2012)

**"It is a well-settled maxim of jurisprudence that the law does not require idle acts."** *Seufert v. Merck Sharp & Dohme Corp.*, 187 F. Supp. 3d 1163, 1176 (S.D. Cal. 2016). Reiterated in: B*aum v. America's Servicing Co*., No. 12-CV-00310-H (BLM) (S.D. Cal. Apr. 5, 2012); *Matter of O'Leary*, 20 B.R. 79 (Bankr. E.D. Cal. 1982); *Reynolds and Reynolds Co. v. Universal Forms, Labels & Systems, Inc.*, 965 F. Supp. 1392 (C.D. Cal. 1997); *United States v. Big Bend Transit Co.*, 42 F. Supp. 459 (E.D. Wash. 1941); *In re N.H. Development Co.*, 62 F. Supp. 722 (N.D. Cal. 1945); *Barth v. Firestone Tire and Rubber Co.*, 673 F. Supp. 1466 (N.D. Cal. 1987); *Barth v. Firestone Tire and Rubber Co.*, 661 F. Supp. 193 (N.D. Cal. 1987); *United States v. Cady*, 184 F. Supp. 48 (D. Mont. 1960).

17. Since the Plaintiffs admit that they are each a "party that does not exist in this matter," in reference to the state case, it follows that, consequently, the state court case has no jurisdiction over it; moreover, thus, remand of this case is barred by the doctrine that "Equity does not require an idle gesture. **Equity will not do or require a useless, vain, or futile thing."** After all, a court, with no jurisdiction over this case, can not render any judgment except one that is void.

18. To quote a Court in a similar situation as the present Honorable Court vis a vis this instant case, exhaustion of state remedies is not necessary when the state court

1  lacks jurisdiction and thus remand would be to require the Defendant to engage in a

2  futile act:

3

4  > "It has also been held by the Supreme Court that exhaustion is not necessary
   > or appropriate where the state court is acting without jurisdiction. *Ohio v.*

5  > *Thomas*, 173 U.S. 276, 19 S.Ct. 453, 43 L.Ed. 699 (1899)... It would not
   > make sense to require the plaintiff to pursue remedies in a court that had no

6  > jurisdiction to rule on the question in the first place. It is axiomatic that the
   > law does not require a futile act." *In re Hucke*, 127 B.R. 258, 266 (Bankr. D.

7  > Or. 1991)

8

9

10   **WHEREFORE,** pursuant to 28 U.S.C. §1446 and 28 U.S.C. § 1331, the

11  Defendant hereby removes this case from the Superior Court of the State of

12  California in and for the County of Los Angeles to the United States District Court

13
    for the Central District of California, Western Division.
14

15

16       Dated: December 3, 2024

17                                    Respectfully Submitted,

18

19       _____

20                                    Aina Dumlao
                                      Defendant, In Propria Persona
21

22

23

24

25

26

27

28

# EXHIBIT A

# SUMMONS—EVICTION
## *(CITACIÓN JUDICIAL—DESALOJO)*

**SUM-130**

**UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY**
*(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):* AINA DUMLAO, an Individual; BRU MULLER, an Individual;<br><br>and DOES 1 through 10 | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/23/2024 6:39 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Vilichis-David, Deputy Clerk |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016

| | |
|---|---|
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. If this summons was served through the Secretary of State's Safe at Home address confidentiality program, you have 10 days from the date of service, not counting Saturdays and Sundays and other judicial holidays, to respond. | *¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante. Si la presente citación le ha sido entregado a través del programa de dirección confidencial del Secretario del Estado Seguro en Casa, tiene 10 días después de la fecha de entrega, sin contar sábado y domingo y otros días feriados del tribunal, para responder.* |
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | *Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), or by contacting your local court or county bar association. | *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpca.org/es), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.* |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | *EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier monto de $10,000 ó más recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.* |

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):* **Central Judicial District**

   | CASE NUMBER *(número de caso):* |
   |---|
   | **24STCV10207** |

   Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 (COUNTY OF LOS ANGELES)

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Bijan Shakibkoo, Esq. (SBN: 344090); SNS LAW GROUP, LLP;  11400 W. Olympic Blvd., Suite 200, Los Angeles, California 90064; (424) 220-2052; info@snslawgroup.com

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-130 [Rev. January 1, 2024] | **SUMMONS—EVICTION**<br>**(Unlawful Detainer / Forcible Detainer / Forcible Entry)** | Code of Civil Procedure, §§ 412.20, 415.45, 1167<br>*www.courts.ca.gov* |

**SUM-130**

| PLAINTIFF *(Name)*: JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: AINA DUMLAO, an Individual; BRU MULLER, an Individual; and DOES 1 through 10 | 24STCV10207 |

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415)  [×] **did not**  [ ] **did**
for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)*:

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)*:

Date: *(Fecha)* 04/23/2024

David W. Slayton, Executive Officer/Clerk of Court    A. Villchis-David

Clerk, by _____ , Deputy
*(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons *(form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify)*:
      under [ ] CCP 416.10 (corporation).        [ ] CCP 416.60 (minor).
            [ ] CCP 416.20 (defunct corporation).  [ ] CCP 416.70 (conservatee).
            [ ] CCP 416.40 (association or partnership).  [ ] CCP 416.90 (authorized person).
            [ ] CCP 415.46 (occupant).            [ ] other *(specify)*:
   e. [ ] by personal delivery on *(date)*:

**SUMMONS—EVICTION**
**(Unlawful Detainer / Forcible Detainer / Forcible Entry)**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]    [ Clear this form ]

# EXHIBIT B

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 344090 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Bijan Shakibkoo, Esq. | | |

FIRM NAME: SNS Law Group, LLP
STREET ADDRESS: 11400 W. Olympic Blvd., Suite 200
CITY: Los Angeles    STATE: CA    ZIP CODE: 90064
TELEPHONE NO.: (424)220-2052    FAX NO.: (424)220-7403
EMAIL ADDRESS: info@snslawgroup.com
ATTORNEY FOR: (name): Plaintiff, JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/23/2024 6:39 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Villchis-David, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016

DEFENDANT: AINA DUMLAO, an Individual; BRU MULLER, an Individual;
[ x ] DOES 1 TO 10

| COMPLAINT—UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [ x ] COMPLAINT    [ ] AMENDED COMPLAINT (Amendment Number): | 24STCV10207 |

**Jurisdiction** *(check all that apply):*

[ ] ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded    [ ] does not exceed $10,000
              [ ] exceeds $10,000
[ x ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
    [ ] from unlawful detainer to general unlimited civil (possession not in issue).    [ ] from limited to unlimited.
    [ ] from unlawful detainer to general limited civil (possession not in issue).    [ ] from unlimited to limited.

1.  *PLAINTIFF (name each):*

    JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016

    *alleges causes of action against DEFENDANT (name each):*

    AINA DUMLAO, an Individual; BRU MULLER, an Individual; and DOES 1 through 10

2.  a.  Plaintiff is  (1) [ ] an individual over the age of 18 years.  (4) [ ] a partnership.
                (2) [ ] a public agency.  (5) [ ] a corporation.
                (3) [ x ] other *(specify):* a Trustee of a Trust
    b.  [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3.  a.  *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*

    3450 N. Cahuenga Blvd. West, Unit #510, Los Angeles, CA 90068 (COUNTY OF LOS ANGELES)

    b.  The premises in 3a are *(check one)*

        (1) [ x ] within the city limits of *(name of city):* LOS ANGELES
        (2) [ ] within the unincorporated area of *(name of county):*

    c.  The premises in 3a were constructed in *(approximate year):* 2008

4.  Plaintiff's interest in the premises is  [ x ] as owner  [ ] other *(specify):*

5.  The true names and capacities of defendants sued as Does are unknown to plaintiff.

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| Form Approved for Optional Use Judicial Council of California UD-100 [Rev. January 1, 2024] | **COMPLAINT—UNLAWFUL DETAINER** | Civil Code, § 1940 et seq., Code of Civil Procedure, §§ 425.12, 1166 www.courts.ca.gov |
|---|---|---|

**UD-100**

| | |
|---|---|
| PLAINTIFF: JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 | CASE NUMBER: |
| DEFENDANT: AINA DUMLAO, an Individual; BRU MULLER, an Individual; and DOES 1 through 10 | |

6.　a.　On or about *(date):* 10/23/2014

　　　defendant *(name each):* AINA DUMLAO, an Individual; BRU MULLER, an Individual; and DOES 1 through 10

　　　　(1)　agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify):* 1 Year Term
　　　　(2)　agreed to pay rent of $ 3,850.00 payable ☒ monthly ☐ other *(specify frequency):*
　　　　(3)　agreed to pay rent on the ☒ first of the month ☒ other day *(specify):*

　　b.　This ☒ written ☐ oral agreement was made with
　　　　(1)　☐ plaintiff.　(3)　☒ plaintiff's predecessor in interest.
　　　　(2)　☐ plaintiff's agent.　(4)　☐ Other *(specify):*

　　c.　☒ The defendants not named in item 6a are
　　　　(1)　☐ subtenants.
　　　　(2)　☐ assignees.
　　　　(3)　☒ Other *(specify):* OTHERS IN POSSESSION

　　d.　☒ The agreement was later changed as follows *(specify):*

　　　RENT WAS LATER INCREASED TO $4,750.00

　　e.　☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

　　f.　☐ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
　　　　(1)　☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
　　　　(2)　☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7.　The tenancy described in 6 *(complete (a) or (b))*
　　a.　☒ is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):* CC. 1946.2(e)(8)(A)
　　b.　☐ is subject to the Tenant Protection Act of 2019.

8.　*(Complete only if item 7b is checked. Check all applicable boxes.)*
　　a.　☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
　　b.　☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*
　　　　(1)　☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
　　　　(2)　☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each):*

　　c.　☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9.　a.　☒ Defendant *(name each):* AINA DUMLAO, an Individual; BRU MULLER, an Individual; and DOES 1 through 10

　　was served the following notice on the same date and in the same manner:

　　(1)　☒ 3-day notice to pay rent or quit　　　(5)　☐ 3-day notice to perform covenants or quit
　　(2)　☐ 30-day notice to quit　　　　　　　　　　　*(not applicable if item 7b checked)*
　　(3)　☐ 60-day notice to quit　　　　　　　　　(6)　☐ 3-day notice to quit under Civil Code, § 1946.2(c)
　　(4)　☐ 3-day notice to quit　　　　　　　　　　　Prior required notice to perform covenants served *(date):*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(7)　☐ Other *(specify):*

UD-100 [Rev. January 1, 2024]　　　　　　**COMPLAINT—UNLAWFUL DETAINER**　　　　　　**Page 2 of 4**

**UD-100**

| | |
|---|---|
| PLAINTIFF: JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 | CASE NUMBER: |
| DEFENDANT: AINA DUMLAO, an Individual; BRU MULLER, an Individual; and DOES 1 through 10 | |

9.  b.  (1)  On *(date):* 03/22/2024                    the period stated in the notice checked in 9a expired at the end of the day.

      (2)  Defendants failed to comply with the requirements of the notice by that date.

   c.  All facts stated in the notice are true.

   d.  [x]  The notice included an election of forfeiture.

   e.  [x]  A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*

   f.  [ ]  One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10.  a.  [x]  The notice in item 9a was served on the defendant named in item 9a as follows:

     (1)  [ ]  By personally handing a copy to defendant on *(date):*

     (2)  [ ]  By leaving a copy with *(name or description):*

        a person of suitable age and discretion, on *(date):*                    at defendant's

        [ ] residence    [ ] business   AND mailing a copy to defendant at defendant's place of residence

        on *(date):*                    because defendant cannot be found at defendant's residence or usual place of business.

     (3)  [x]  By posting a copy on the premises on *(date):*    03/18/2024

        [x]  AND by mailing a copy to defendant at the premises on *(date):*

        03/19/2024

        (a)  [ ]  because defendant's residence and usual place of business cannot be ascertained OR

        (b)  [ ]  because no person of suitable age or discretion can be found there.

     (4)  [ ]  *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*

     (5)  [ ]  *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties

   b.  [ ]  *(Name):*

     was served on behalf of all defendants who signed a joint written rental agreement.

   c.  [ ]  Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.

   d.  [x]  Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11.  [ ]  Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

12.  [x]  At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was  $ 57,000.00

13.  [x]  The fair rental value of the premises is  $ 158.33                    per day.

14.  [ ]  Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*

15.  [x]  A written agreement between the parties provides for attorney fees.

16.  [ ]  Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

   Plaintiff has met all applicable requirements of the ordinances.

17.  [ ]  Other allegations are stated in Attachment 17.

18.  Plaintiff accepts the jurisdictional limit, if any, of the court.

---

**COMPLAINT—UNLAWFUL DETAINER**

| PLAINTIFF: JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 | CASE NUMBER: |
|---|---|
| DEFENDANT: AINA DUMLAO, an Individual; BRU MULLER, an Individual; and DOES 1 through 10 | |

19. **PLAINTIFF REQUESTS**

a. possession of the premises.

b. costs incurred in this proceeding:

c. [x] past-due rent of $ 57,000.00

d. [x] reasonable attorney fees.

e. [x] forfeiture of the agreement.

f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $

g. [x] damages at the rate stated in item 13 from

*date:* 03/01/2024

for each day that defendants remain in possession through entry of judgment.

h. [x] statutory damages up to $600 for the conduct alleged in item 14.

i. [x] other *(specify):*

FOR FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

20. [x] Number of pages attached *(specify):*      16

## UNLAWFUL DETAINER ASSISTANT  (Bus. & Prof. Code, §§ 6400–6415)

21. [x] *(Complete in all cases.)* An unlawful detainer assistant [x] did **not** [ ] did
for compensation give advice or assistance with this form. *(If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on *(date):*

Date: 04/23/2024

Bijan Shakibkoo, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Bijan Shakibkoo*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 04/23/2024

Joseph Evaristo, Co-Trustee
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF)

Date: 04/23/2024

Catherine Evaristo, Co-Trustee
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF)

# EXHIBIT 1

**CALIFORNIA ASSOCIATION OF REALTORS®**

# RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT
### (C.A.R. Form LR, Revised 4/11)

Date _10/23/2014_,

_CAHUENGA PASS DEVELOPMENT_ ("Landlord") and
_AINA DUMLAO, BRU MULLER_ ("Tenant") agree as follows:

**1. PROPERTY:**

A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: _3450 W CAHUENGA BLVD #510, LOS ANGELES, CA  90068_ ("Premises").

B. The Premises are for the sole use as a personal residence by the following named person(s)only: _AINA DUMLAO, BRU MULLER - THERE WILL BE AN ADDITIONAL $150.00 MONTHLY FOR EACH ADDITIONAL TENANT._

C. The following personal property, maintained pursuant to paragraph 11, is included: _FRIDGE, STOVE, MICROWAVE, DISHWASHER._
or ☐ (if checked) the personal property on the attached addendum.

D. The Premises may be subject to a local rent control ordinance

**2. TERM:** The term begins on (date) _November 1, 2014_ ("Commencement Date), (Check A or B):

☐ A. **Month-to-Month:** and continues as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Landlord may terminate the tenancy by giving written notice as provided by law. Such notices may be given on any date.

☒ B. **Lease:** and shall terminate on (date) _October 31, 2015_ at _12:00_ ☐ AM/☒ PM. Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this Agreement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force and effect.

**3. RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of this Agreement, except security deposit.

A. Tenant agrees to pay $ _3,850.00_ per month for the term of the Agreement.

B. Rent is payable in advance on the 1st (or ☐ _____ ) day of each calendar month, and is delinquent on the next day.

C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated based on a 30-day period.

D. **PAYMENT:** Rent shall be paid by ☒ personal check, ☒ money order, ☒ cashier's check, or ☐ other _____, to (name) _CAHUENGA PASS DEVELOPMENT, LLC_ (phone) _(323)655-1282_, at (address) _8342 1/2 WEST 3RD STREET, SUITE A, LOS ANGELES, CA, 90048_, (or at any other location subsequently specified by Landlord in writing to Tenant) (and ☐ if checked, rent may be paid personally, between the hours of _9:00 AM_ and _5:00 PM_ on the following days _____ ). If any payment is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☐ cashier's check.

**4. SECURITY DEPOSIT:**

A. Tenant agrees to pay $ _4,850.00_ as a security deposit. Security deposit will be ☒ transferred to and held by the Owner of the Premises, or ☐ held in Owner's Broker's trust account.

B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property or appurtenances. **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: **(1)** furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by California Civil Code § 1950.5(g); and, **(2)** return any remaining portion of the security deposit to Tenant.

C. Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.

D. No interest will be paid on security deposit unless required by local law.

E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is released to someone other than Tenant, **then** Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

**5. MOVE-IN COSTS RECEIVED/DUE:** Move-in funds made payable to _CAHUENGA PASS DEVELOPMENT, LLC_ shall be paid by ☒ personal check, ☒ money order, or ☒ cashier's check.

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from _11/01/2014_ to _11/30/2014_ (date) | $3,850.00 | | $3,850.00 | 11/01/2014 |
| *Security Deposit | $4,850.00 | $4,850.00 | | 10/23/2014 |
| Other | | | | |
| Other | | | | |
| **Total** | $8,700.00 | $4,850.00 | $3,850.00 | 11/01/2014 |

*The maximum amount Landlord may receive as security deposit, however designated, cannot exceed two months' Rent for unfurnished premises, or three months' Rent for furnished premises.

Tenant's Initials ( ____ )( ____ )                 Landlord's Initials ( ____ )( ____ )

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2011, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Reviewed by ____ Date ____

LR REVISED 4/11 (PAGE 1 OF 6)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 1 OF 6)**

Agent: Amir Haber    Phone: (323)655-1282    Fax: (323)655-5725    Prepared using zipForm® software
Broker: Ami Real Estate Inc 8342 1/2 W 3rd St. Ste.A Los Angeles, CA 90048

Premises: _LOS ANGELES, CA  90068_     Date: _October 23, 2014_

6. **LATE CHARGE; RETURNED CHECKS:**
   A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within **(or** ☒ **__3__ ) calendar days** after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ _____ or _____ % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.
   B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 3 or prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

7. **PARKING: (Check A or B)**
   ☒ A. Parking is permitted as follows: _GARAGE_ _____

      The right to parking ☒ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used for parking properly licensed and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not permitted in parking space(s) or elsewhere on the Premises.
   OR ☐ B. Parking is not permitted on the Premises.

8. **STORAGE: (Check A or B)**
   ☒ A. Storage is permitted as follows: _NONE_
      The right to separate storage space ☐ is, ☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ _____ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.
   OR ☐ B. Except for Tenant's personal property, contained entirely within the Premises, storage is not permitted on the Premises.

9. **UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: _GAS AND ELECTRIC_ _____ except _WATER_ _____, which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

10. **CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke and carbon monoxide detector(s).
    **(Check all that apply:)**
    ☒ A. Tenant acknowledges these items are clean and in operable condition, with the following exceptions: _____
    _____
    ☐ B. Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).
    ☐ C. **(i)** Landlord will Deliver to Tenant a statement of condition (C.A.R. Form MIMO) ☐ within **3 days** after execution of this Agreement; ☐ prior to the Commencement Date; ☐ within **3 days** after the Commencement Date.
       **(ii)** Tenant shall complete and return the MIMO to Landlord within **3 (or** ☐ _____ **) days** after Delivery. Tenant's failure to return the MIMO within that time shall conclusively be deemed Tenant's Acknowledgement of the condition as stated in the MIMO.
    ☐ D. Tenant will provide Landlord a list of items that are damaged or not in operable condition within **3 (or** ☐ _____ **) days** after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgment of the condition of the Premises.
    ☐ E. Other: _____

11. **MAINTENANCE:**
    A. Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all carbon monoxide and smoke detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.
    B. ☒ Landlord ☐ Tenant shall water the garden, landscaping, trees and shrubs, except: _____
    _____
    C. ☒ Landlord ☐ Tenant shall maintain the garden, landscaping, trees and shrubs, except: _____
    _____
    D. ☐ Landlord ☐ Tenant shall maintain _____ .
    E. Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.
    F. The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: _____

Tenant's Initials ___( ___ )( ___ )

Landlord's Initials ( ___ )( ___ )

Copyright © 1991-2011, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 4/11 (PAGE 2 OF 6)

Reviewed by _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 2 OF 6)**

Premises: *LOS ANGELES, CA    90068*                                                      Date: *October 23, 2014*

12. **NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance in certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

13. **PETS:** Unless otherwise provided in California Civil Code § 54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except: *NONE*

14. ☒ (If checked) **NO SMOKING:** No smoking of any substance is allowed on the Premises or common areas. If smoking does occur on the Premises or common areas, (i) Tenant is responsible for all damage caused by the smoking including, but not limited to stains, burns, odors and removal of debris; (ii) Tenant is in breach of this Agreement; (iii) Tenant, guests, and all others may be required to leave the Premises; and (iv) Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to replace carpet and drapes and paint the entire premises regardless of when these items were last cleaned, replaced, or repainted. Such actions and other necessary steps will impact the return of any security deposit. The Premises or common areas may be subject to a local non-smoking ordinance.

15. **RULES/REGULATIONS:**

   A. Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.

   B. **(If applicable, check one)**

   ☒ 1. Landlord shall provide Tenant with a copy of the rules and regulations within _____ days or _____ *UPON REQUEST* .

   OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

16. ☐ (If checked) **CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**

   A. The Premises are a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is _____

   Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions ("HOA Rules"). Landlord shall provide Tenant copies of HOA Rules, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.

   B. **(Check one)**

   ☐ 1. Landlord shall provide Tenant with a copy of the HOA Rules within _____ days

   or _____ .

   OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the HOA Rules.

17. **ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 29C, without Landlord's prior written consent, (i) Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; (ii) Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; (iii) Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and (iv) any deduction made by Tenant shall be considered unpaid Rent.

18. **KEYS; LOCKS:**

   A. Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☒ *MOVE IN DATE* ):

   ☒ *1* key(s) to Premises,                    ☒ *2* remote control device(s) for garage door/gate opener(s),
   ☒ *1* key(s) to mailbox,
   ☒ *1* key(s) to common area(s),

   B. Tenant acknowledges that locks to the Premises ☐ have, ☒ have not, been re-keyed.

   C. If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

19. **ENTRY:**

   A. Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs, (including, but not limited to, installing, repairing, testing, and maintaining smoke detectors and carbon monoxide devices, and bracing, anchoring or strapping water heaters), decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors.

   B. Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows. 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. Notice may be given orally to show the Premises to actual or prospective purchasers provided Tenant has been notified in writing within 120 days preceding the oral notice, that the Premises are for sale and that oral notice may be given to show the Premises. No notice is required: (i) to enter in case of an emergency; (ii) if the Tenant is present and consents at the time of entry; or (iii) if the Tenant has abandoned or surrendered the Premises. No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement.

   C. ☒ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

20. **SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

21. **ASSIGNMENT; SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement.

Tenant's Initials  ( _____ )( _____ )                              Landlord's Initials ( *VM* )( _____ )

Copyright © 1991-2011, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 4/11 (PAGE 3 OF 6)

Reviewed by _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 3 OF 6)**

Premises: _LOS ANGELES, CA 90068_        Date: _October 23, 2014_

22. **JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

23. ☐ **LEAD-BASED PAINT (If checked):** Premises were constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.

24. ☐ **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises are located within one mile of an area once used for military training, and may contain potentially explosive munitions.

25. ☐ **PERIODIC PEST CONTROL:** Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.

26. ☐ **METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.

27. **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)

28. **POSSESSION:**
   A. Tenant is not in possession of the Premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within **5 (or ☐ _____ ) calendar days** after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid. Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.
   B. ☐ Tenant is already in possession of the Premises.

29. **TENANT'S OBLIGATIONS UPON VACATING PREMISES:**
   A. Upon termination of this Agreement, Tenant shall: **(i)** give Landlord all copies of all keys or opening devices to Premises, including any common areas; **(ii)** vacate and surrender Premises to Landlord, empty of all persons; **(iii)** vacate any/all parking and/or storage space; **(iv)** clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; **(v)** remove all debris; **(vi)** give written notice to Landlord of Tenant's forwarding address; and **(vii)** _____
   B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.
   C. **Right to Pre-Move-Out Inspection and Repairs: (i)** After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the end of a lease, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. **(ii)** Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. **(iii)** Tenant shall: **(a)** obtain receipts for Repairs performed by others; **(b)** prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and **(c)** provide copies of receipts and statements to Landlord prior to termination. Paragraph 29C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3) or (4).

30. **BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 29, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

31. **TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

32. **DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

33. **INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. **Tenant is advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage.** Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: **(i)** an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or **(ii)** loss of insurance.

34. **WATERBEDS:** Tenant shall not use or have waterbeds on the Premises unless: **(i)** Tenant obtains a valid waterbed insurance policy; **(ii)** Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and **(iii)** the bed conforms to the floor load capacity of Premises.

Tenant's Initials ( _____ ) ( _____ )

Copyright © 1991-2011, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

**LR REVISED 4/11 (PAGE 4 OF 6)**

Landlord's Initials ( _____ ) ( _____ )

Reviewed by _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 4 OF 6)**

*3450 W CAHUENGA BLVD #510*

Premises: *LOS ANGELES, CA   90068*                                                                 Date: *October 23, 2014*

**35. WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

**36. NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:

| Landlord: *CAHUENGA PASS DEVELOPMENT* | Tenant: *AINA DUMLAO & BRU MULLER* |
|---|---|
| *8342 1/2 WEST 3RD STREET* | *3450 W CAHUENGA BLVD #510* |
| *SUITE A* | *LOS ANGELES, CA,  90068* |
| *LOS ANGELES, CA,  90048* | |

**37. TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within **3 days** after its receipt. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

**38. REPRESENTATIONS:**

A.  **TENANT REPRESENTATIONS; OBLIGATIONS REGARDING OCCUPANTS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Landlord requires all occupants 18 years of age or older and all emancipated minors to complete a lease rental application. Tenant acknowledges this requirement and agrees to notify Landlord when any occupant of the Premises reaches the age of 18 or becomes an emancipated minor. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: (i) before occupancy begins; (ii) upon disapproval of the credit report(s); or (iii) at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.

B.  **LANDLORD REPRESENTATIONS:** Landlord warrants, that unless otherwise specified in writing, Landlord is unaware of (i) any recorded Notices of Default affecting the Premise; (ii) any delinquent amounts due under any loan secured by the Premises; and (iii) any bankruptcy proceeding affecting the Premises.

**39. MEDIATION:**

A.  Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.

B.  The following matters are excluded from mediation: (i) an unlawful detainer action; (ii) the filing or enforcement of a mechanic's lien; and (iii) any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.

C.  Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

**40. ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, except as provided in paragraph 39A.

**41. C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

**42. OTHER TERMS AND CONDITIONS; SUPPLEMENTS:** ☐ Interpreter/Translator Agreement (C.A.R. Form ITA); ☐ Keysafe/Lockbox Addendum (C.A.R. Form KLA); ☐ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD)

The following ATTACHED supplements are incorporated in this Agreement: *SEE ATTACHED ADDENDUM*

**43. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

**44. AGENCY:**

A.  **CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
Listing Agent: (Print firm name) _____
is the agent of (check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
Leasing Agent: (Print firm name) _____
(if not same as Listing Agent) is the agent of (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.

B.  **DISCLOSURE:** ☐ (If checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

**45.** ☐ **TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

Tenant's Initials ( *BM* )( *AD* )                                   Landlord's Initials ( *M* )( _____ )

Copyright © 1991-2011, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
LR REVISED 4/11 (PAGE 5 OF 6)                                   | Reviewed by _____ Date _____ |

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 5 OF 6)**

3450 W CAHUENGA BLVD #510
Premises: *LOS ANGELES, CA  90068* _____ Date: *October 23, 2014* _____

**46.** ☐ **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: _____. Landlord and Tenant acknowledge receipt of the attached interpreter/translator agreement (C.A.R. Form ITA).

**47. FOREIGN LANGUAGE NEGOTIATION:** If this Agreement has been negotiated by Landlord and Tenant primarily in Spanish, Chinese, Tagalog, Korean or Vietnamese, pursuant to the California Civil Code, Tenant shall be provided a translation of this Agreement in the language used for the negotiation.

**48. OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LCA).

**49. RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

---

Landlord and Tenant acknowledge and agree Brokers: **(a)** do not guarantee the condition of the Premises; **(b)** cannot verify representations made by others; **(c)** cannot provide legal or tax advice; **(d)** will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: **(e)** do not decide what rental rate a Tenant should pay or Landlord should accept; and **(f)** do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

---

Tenant agrees to rent the Premises on the above terms and conditions.

Tenant _____    *AINA DUMLAO* Date *10/23/2014* _____
Address *3450 W CAHUENGA BLVD #510* _____ City *LOS ANGELES* _____ State _*CA*_ Zip ___*90068*___
Telephone _____ Fax _____ E-mail _____

Tenant _____    *BRU MULLER* Date *10/23/2014* _____
Address *3450 W CAHUENGA BLVD #510* _____ City *LOS ANGELES* _____ State _*CA*_ Zip ___*90068*___
Telephone _____ Fax _____ E-mail _____

☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: **(i)** guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; **(ii)** consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and **(iii)** waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) _____
Guarantor _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Landlord agrees to rent the Premises on the above terms and conditions.
Landlord _____ Date *10/23/2014* _____
        *CAHUENGA PASS DEVELOPMENT, LLC*
Address *8342 1/2 W 3RD STREET SUITE A, LOS ANGELES, CA  90048* _____
Telephone *(323) 655-1282* ___ Fax *(323) 655-5725* ___ E-mail *RHEA@AMIREALESTATE.COM* ___

---

**REAL ESTATE BROKERS:**
**A.** Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.
**B.** Agency relationships are confirmed in paragraph 44.
**C.** **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: **(i)** the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or **(ii)** ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Listing Firm) _____ DRE Lic. # _____
By (Agent) _____ DRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Real Estate Broker (Leasing Firm) _____ DRE Lic. # _____
By (Agent) _____ DRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

---

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

LR REVISED 4/11 (PAGE 6 OF 6)
**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 6 OF 6)**

## *ADDENDUM TO RESIDENTIAL LEASE OR*
## *MONTH-TO-MONTH RENTAL AGREEMENT*

This ADDENDUM TO RESIDENTIAL LEASE OR MONTH-TO-MONTH CONDOMINIUM UNIT RENTAL AGREEMENT ("Addendum") is entered into this <u>10/23/2014</u> by and between <u>CAHUENGA PASS DEVELOPMENT, LLC</u> , a California limited liability company ("Landlord"), and the undersigned <u>AINA DUMLAO & BRU MULLER</u> ("Tenant") at 3450 Cahuenga Blvd Loft # <u>510</u> Los Angeles CA, 90068 from <u>11/01/2014</u> to <u>10/31/2015</u> , and shall supplement and amend that certain Residential Lease or Month-to-Month Rental Agreement ("Lease"), executed concurrently herewith, and to which it is attached, and shall supersede and replace any conflicting provisions therein. Landlord and Tenant hereby agree as follows:

1. Except as expressly provided herein to the contrary, all capitalized terms used in this Addendum shall have the same meanings as provided in the Lease.

2. **THE PREMISES SHALL BE USED SOLELY FOR THE PURPOSES PERMITTED IN THE CONDITIONS OF APPROVAL FOR THE PREMISES, ADOPTED BY THE CITY OF LOS ANGELES, AS A LIVING AND WORKING SPACE FOR ARTISTS/ARTISANS, INCLUDING THE PRODUCTION OF SUCH ARTISTS/ARTISANS PRODUCTS, AND FOR NO OTHER PURPOSE WHATSOEVER.**

3. **THE UNIT YOU MAY RENT HAS BEEN APPROVED FOR SALE TO THE PUBLIC AS A CONDOMINIUM PROJECT. THE RENTAL UNIT MAYBE SOLD TO THE PUBLIC.**

4. TENANT(S) REPRESENTS TO LANDLORD HIS/HER/THEIR RESPONSIBILITY TO OBTAIN A BUSINESS LICENSE BY THE CITY OF LOS ANGELES TO TENANT, FOR SUCH PURPOSES AS THE CITY OF LOS ANGELES SHALL FIND TO BE IN COMPLIANCE WITH THE PERMITTED USES OF THE PREMISES, AND TENANT REPRESENTS HE/SHE/THEY WILL DELIVER TO LANDLORD A TRUE COPY THEREOF.

5. It shall be the responsibility of Tenant to maintain such Business License if full force and effect during the term of the Lease. In the event that Landlord receives notice that the Business License has expired, been revoked, or not renewed, and no Business License is in effect for the Premises, Landlord shall have the right to immediately terminate the Lease by delivery of written notice of such termination to Tenant. In addition, in the event Tenant conducts any business or profession on the Premises, Tenant shall secure and maintain such business insurance as is usual and customary for such business or profession, and such insurance shall name Landlord as an additional insured.

6. It shall be the responsibility of Tenant to secure and maintain during the term of the Lease a policy of Renter's Insurance, including liability coverage, which policy shall name Landlord as an additional insured.
THE APPROVAL BY THE CITY OF LOS ANGELES OF THE TRACT MAP FOR THE PREMISES WAS CONDITIONED UPON THE RESTRICTION THAT "THE PREMISES SHALL NOT BE OPEN TO THE PUBLIC." Tenant shall indemnify and hold Landlord and its managers, officers, directors, agents, employees and members, and its successors and assigns, entirely harmless from and against any and all claims, expenses, damages, costs, losses and liabilities which any of them may or might incur under or by reason of Tenant's failure to comply with the restrictions imposed on the Premises by the City of Los Angeles with respect to the use of the Premises or the restriction on access thereto by the general public.

7. TENANT AGREES TO BE BOUND BY THE PROPERTY CCR'S RULES AND REGULATIONS COPY OF WHICH CAN BE OBTAINED FROM THE MANAGEMENT COMPANY UPON TENANT'S WRITTEN REQUEST.

8. Tenant understands and agrees that the Premises are constructed with block walls, and that block walls by their nature absorb moisture from rain and retain such moisture for a period of time. Landlord shall not be responsible for any property damage or personal injury suffered by Tenant as a result of such moisture.

9. Patios area: leasee acknowledges that the patio area if any is titled common area for privet use by the lessee. Lessee agrees to maintain the patio area in good as is current condition and to allow access for maintenance of tree and irrigation as needed.

10. Upon expiration of the term of this Lease, whether the original term or any extension thereof, the tenancy shall automatically be converted to a month-to-month tenancy and be renewed for a additional successive thirty-day periods, unless Tenant gives prior written notice to Landlord at least sixty (60) days before such expiration date, of Tenant's termination of this Lease effective on the expiration date.

Initial

10. Whether at the expiration of the original Lease/Term or any extension thereof, Lessee/Renter(s) shall give a 60 day written notice to move out, said notice to be given on the 1st of the month only.

11. During the 60-day period prior to the expiration of the term of this Lease or any extension hereof, Tenant shall permit Landlord to have reasonable access to the Premises for the purpose of showing same to other prospective tenants. Such access shall be permitted upon Landlord giving Tenant twenty-four hours notice, or as otherwise agreed by the parties. Tenant agrees to cooperate with landlord by keeping the premises in a reasonably good presentable condition.

12. Rent/Late Rent Charge: If renter's check is returned "NSF, Renter shall pay Returned Check charges as set out in Section (6 A&B) and Owner may demand that future rent payments be paid by cashier's check or money order. Such Late Charge and/or Returned Check Charge are payable on owner's demand and non-payment shall constitute a breach of this agreement.

13. Insurance: In consideration of the rental, renter shall obtain and pay for any insurance coverage necessary to protect Renter from any loss or expense due to personal injury or property damage, including but not limited to that caused by any act or omission of any party, including Owner or co-tenants, criminal act, war, riot, insurrection, fire, or act of God. The amount of the monetary damage caused by Owner by renter's breach of this agreement shall be deemed to be an amount equal o the amount of any loss sustained by renter by any such act or event and shall offset any claim by Renter against Owner.

14. Non-Curable Breach of Agreement: The following, by the way of illustration and not limitation, shall constitute a non-curable breach of this agreement: (a) Police raid upon the Premises resulting in the arrest  and conviction of Renter for possession/sale/storage of any illegal narcotic/controlled substance/chemical or herbal contraband, in or about the Premises, or for aiding and abetting any family member, occupant, guest or visitor in any such activity; (b) Misinterpretation or material omission on Renter's Rental Application vitiating the tenancy.

15. Pest Control/Fumigation/Extermination: Renter shall inspect all of Renter's personal property, prior to move-in, for vermin infestation (including bed bugs) and take all the steps necessary to guarantee no "hitch hiking" Vermin are moved into the premises. Renter is obligated to notify Owner immediately of any evidence of vermin (including bed bugs) infestation. Any infestation found after 30 days of renter move in conclusively shall be presumed to be renter's obligation to pay to eradicate. Forthwith, on demand, Renter shall: (A) Comply with all instructions from any pest exterminator or fumigator for Premises preparation, including proper bagging and storage of food, perishables and medicines; and (B) Vacate the premises for a reasonable period to allow vermin eradication. Renter shall carry insurance to pay for any damage caused by vermin infestation.

16. Rent Acceptance: Rent tendered by a third person for Renter's benefit maybe accepted without creating any new tenancy.

12. Landlord shall have the right to charge Tenant the sum of $25.00 per bounced check in the event that any check is not honored when presented to Tenant's bank.

13. Lease payments not received by Landlord by the third (3rd) calendar day of a month shall be subject to a late charge of $10.00 per day, starting on the 4th day of the month, until received by Landlord.

14. If landlord elects to accept rent after the tenth day after it is due, payment in form other than personal check may be required. Landlord does not waive the right to insist on payment of rent in full on the day it is due.  In the event tenant's check is dishonored by the bank for any reason, tenant shall pay a returned check charge as additional rent.  The same late charge stated above will be imposed as additional rent if the returned check caused the rent to be late. Landlord can require future payments to be in a form other than a personal check (Cash, Cashier's check or money order), in the event of a returned check

15. All payments received by Landlord shall be applied first to the payment of any late charge, bounced check charge, or other fee or charge owed by Tenant prior to being applied to payment of monthly Lease payments.

16. Tenant agrees that Landlord shall not be responsible for insuring Tenant's personal property, and that Tenant shall obtain his or her own insurance to cover such property and / or assume risk and responsibility for not having insurance.

17. In the event that Tenant leaves any personal property in the Premises after the expiration or termination of this term of this Lease, or after Tenant has abandoned the Premises, Landlord shall have the right, without notice to Tenant, to store or otherwise dispose of such personal property at Tenant's cost and expense, without being liable in any respect to Tenant.

18. In the event that Tenant wrongfully terminates this Lease, or abandons the Premises, prior to the expiration date of the term of this Lease, Tenant acknowledges that he is still responsible for the entire lease agreement, including but not limited to all

Initial

2

rent payments. Tenant shall be liable to Landlord for an advertisement and re-renting and administration fee in the amount of $350.00.

19. Tenant shall not paint the interior of the Premises, or mount anything on the walls of an unusual nature or size without obtaining the prior written consent of Landlord. 1/4" anchors only may be used at the grout line, *only* on the block walls.

20. Tenant acknowledge that the unit ground level garage have been designed and permitted to accommodate 2 cars for unit B & BR and 3 cars for units A-AR & C

21. DWP and Gas Company utilities must be transferred to Tenants' account as of the actual move in date as stated in your lease. Tenant will accept full responsibility to call DWP at 213.481.5411 and the Gas co at 800.427.2200 to transfer service prior to move in.

22. Tenant acknowledges the nature of the lofts as live / work and must keep and respect the privacy and right of enjoyment of the residents. There shall be no loud music / parties inside and / or outside the loft or common area. Tenant acknowledges and agrees that if landlord receives complaints about loud noise / parties that may disturb the peace and quiet of the rest of the residents, tenant agrees to move out immediately and in 30 days to vacate the loft, leaving it clean and free of damages.

23. **EFFECTIVE OF INVALIDITY** – if one or more of the provisions of this agreement are held invalid, illegal or unenforceable for any reason, such invalidity, illegality or unenforceability shall not affect any other provision of this agreement, and this agreement shall be construed as if such invalid, illegal or unenforceable provision has never been contained herein

**Except as otherwise provided herein, all other terms and conditions of the Agreement shall be unchanged.**

Dated: _____ 10/24 _____ , 2014

By:    **AINA DUMLAO**                  **BRU MULLER**

Landlord:      **Cahuenga Pass Development, LLC,**
A California limited Liability Company
By: _____
Its: Manager

Initial

# EXHIBIT 2

## THREE-DAY NOTICE TO PAY RENT OR QUIT

### CODE OF PROCEDURE SECTION 1161(2)

**TO:** AINA DUMLAO, BRU MULLER, AND TO ALL OTHERS IN POSSESSION of the real property premises located at: 3450 N. Cahuenga Blvd. West, #510, Los Angeles, CA 90068 (hereinafter, the "'Premises").

**YOU ARE HEREBY NOTIFIED** that pursuant to the rental agreement under which you hold possession of the Premises from your Landlord, JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 (hereinafter, "Landlord") there is now due and unpaid rent owed to your Landlord in the total sum of: **$57,000.00.**

Bedroom number(s): Two (2)

The amount required to be paid is for the period as follows:

| DUE DATE: | RENT OWED: |
|---|---|
| April 01, 2023 – April 30, 2023 | $4,750.00 |
| May 01, 2023 – May 31, 2023 | $4,750.00 |
| June 01, 2023 – June 30, 2023 | $4,750.00 |
| July 01, 2023 – July 31, 2023 | $4,750.00 |
| August 01, 2023 – August 31, 2023 | $4,750.00 |
| September 01, 2023 – September 30, 2023 | $4,750.00 |
| October 01, 2023 – October 31, 2023 | $4,750.00 |
| November 01, 2023 – November 30, 2023 | $4,750.00 |
| December 01, 2023 – December 31, 2023 | $4,750.00 |
| January 01, 2024 – January 31, 2024 | $4,750.00 |
| February 01, 2024 – February 29, 2024 | $4,750.00 |
| March 01, 2024 – March 31, 2024 | $4,750.00 |
| **TOTAL:** | **$57,000.00** |

**YOU ARE FURTHER NOTIFIED** that within Three (3) Days after service of this Notice on you, excluding Saturdays, Sundays, and other judicial holidays, you must pay the amount of said rent to your Landlord in full or you must forever quit and vacate said Premises and deliver up possession of the same to the Landlord, or the Landlord will institute legal proceedings for an unlawful detainer against you to recover possession of said Premises, to declare said lease or rental agreement forfeited, and to recover rent.

**YOU ARE FURTHER NOTIFIED** that by this Notice the Landlord elects to and does declare a forfeiture of said lease or rental agreement if said rent is not paid in full as set forth herein within the said Three (3) Days after service of this Notice on you, excluding Saturdays, Sundays, and other judicial holidays. This Notice supersedes all prior notices served upon you.

The rent demanded above is to made payable to: JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016

Person to whom rent is to be delivered: Bijan Shakibkoo, Esq.

Address where rent shall be delivered: 11400 W. Olympic Blvd., Suite 200, Los Angeles, CA 90064

Telephone number of the person to whom rent is to be delivered: (424) 220-2052

The usual days and hours that a person is available to receive the rent payment: Monday through Friday between the hours of 9:00 a.m. (PST) to 5:00 p.m. (PST)

Date: March 18, 2024

Lessor/Landlord: JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016

Agent: Bijan Shakibkoo, Esq. SNS Law Group, LLP

*Bijan Shakibkoo*
Bijan Shakibkoo

# EXHIBIT 3

## PROOF OF SERVICE

I, the undersigned, being at least 18 years of age, declare under penalty of perjury that I served the NOTICE(S): THREE-DAY NOTICE TO PAY RENT OR QUIT CODE OF PROCEDURE SECTION 1161(2) of which a true copy appears on the reverse side of this Proof of Service, by one of the methods indicated below on the following named Resident(s):
AINA DUMLAO, BRU MULLER, AND TO ALL OTHERS IN POSSESSION

1) ☐    **BY PERSONALLY DELIVERING** a copy of the Notice to the Resident(s) named above at the following address:

2) ☐    **BY LEAVING** a copy of the Notice for the Resident(s) named above with a person of suitable age and discretion at the residence or usual place of business of the Resident(s), said Resident(s) being absent therefrom. Said residence or usual place of business being at the following address:

  **AND MAILING** an individual copy to each Resident by depositing said copies in the United States Mail, in a sealed envelope with first class postage prepaid and addressed to the Resident(s) named above at their usual place of residence which is at the following address:

3) ☑    **BY POSTING** a copy of said Notice for each of the Resident(s) named above in a conspicuous place, there being no person of suitable age or discretion to be found at any known place of residence or known usual place of business of the Resident(s). Said notice was posted at their usual place of residence which is at the following address:

  3450 N. Cahuenga Blvd. West, Unit #510, Los Angeles, CA 90068, subject notice was posted on March 18, 2024

  **AND MAILING** an individual copy to each Resident by depositing said copies in the United States Mail, in a sealed envelope with first class postage prepaid and addressed to the Resident(s) named above at their usual place of residence which is at the following address:

  3450 N. Cahuenga Blvd. West, Unit #510, Los Angeles, CA 90068, subject notice was mailed on March 19, 2024

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 20 day of MARCH , 20 24 , in the city of CANOGA PARK , County of LOS ANGELES , State of CALIFORNIA .

Name of Server: SAM NEHORAY

Signature of Server: _____

Page | 1 of 1



9589 0710 5270 0781 2098 04

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information visit our web-site at www.usps.com®

Certified Mail Fee    $4.40

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery    $
☐ Adult Signature Required    $
☐ Adult Signature Restricted Delivery $

Postage    $0.68

Total Postage and Fees    $5.08

Sent To  PINA DUNLAO. BEN MULLER

Street and Apt. No., or PO Box No.  3450 CAHUENGA #510

City, State, ZIP+4®  LOS ANGELES, CA 90068

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**24STCV10207**                                                      October 3, 2024
**JOSEPH EVARISTO AND CATHERINE EVARISTO, AS**                            9:00 AM
**TRUSTEES OF THE EVARISTO FAMILY TRUST DATED**
**MAY 4, 2016 vs AINA DUMLAO, AN INDIVIDUAL, et al.**


Judge: Honorable Kerry Bensinger          CSR: None
Judicial Assistant: S. Taylor             ERM: None
Courtroom Assistant: J. Young             Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): Edrin Shamtob for Bijan Shakibkoo (Telephonic)

For Defendant(s): Shiv Samtani (Telephonic)

---

**NATURE OF PROCEEDINGS:** Trial Setting Conference

The matter is called for hearing.

There is no appearance made by or for defendant Bru MULLER, nor communication with the Court as to why there is no appearance this date.

Court and Counsel confer re: status of the case.

Plaintiff requests a court trial while defendant requests a jury trial. The Court notes that no jury fees have been paid to date.

The Court sets the following hearing dates:

Final Status Conference is scheduled for 10/10/2024 at 10:00 AM in Department 31 at Stanley Mosk Courthouse.

Non-Jury Trial is scheduled for 10/14/2024 at 10:00 AM in Department 31 at Stanley Mosk Courthouse.

Parties are to comply with the court's final status conference and trial procedure and protocol orders including jury instructions.

All parties are to meet and confer by 10/07/2024 in preparation of the trial documents. If the parties fail to participate, the court will consider the imposition of sanctions or other appropriate remedies.

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 31

**24STCV10207**                                           October 3, 2024
**JOSEPH EVARISTO AND CATHERINE EVARISTO, AS**                 9:00 AM
**TRUSTEES OF THE EVARISTO FAMILY TRUST DATED**
**MAY 4, 2016 vs AINA DUMLAO, AN INDIVIDUAL, et al.**

Judge: Honorable Kerry Bensinger          CSR: None
Judicial Assistant: S. Taylor             ERM: None
Courtroom Assistant: J. Young             Deputy Sheriff: None

If there is no joint participation of the documents including jury instructions, plaintiff is to file separate documents.

The court orders the defendant to pay jury fees by 10/09/2024.

Parties are to submit the trial documents/notebooks by 10/09/2024.

Counsel for Plaintiff is to give notice.

# EXHIBIT D

Aina Dumlao
3450 W. Cahuenga Blvd., # 510
Los Angeles, CA 90068
Phone: 323-844-3553
*Defendant, In Propria Persona*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

|  |  |
|---|---|
| Joseph Evaristo And Catherine Evaristo, As Trustees Of The Evaristo Family Trust Dated May 4, 2016 | Case No.: 24STCV10207 |
| Plaintiff, | |
| vs. | **DECLARATION OF SHIV SAMTANI** |
| Aina Dumlao, an Individual, | |
| Bru Muller, an Individual, | |
| and Does 1 through 10, | |
| Defendants. | |

## DECLARATION OF SHIV SAMTANI

I, Shiv Samtani, California State Bar No.: 320822, declare: I have personal knowledge of the facts set forth in this Declaration and if called upon as a witness, I could and would testify competently to such facts under oath.

1. I have been a licensed attorney in California since June of 2018. I have never had any disciplinary complaints against me.

2. This Declaration is in reference to a hearing that I attended on October 3, 2024, in the case of *Joseph Evaristo and Catherine Evaristo As Trustees Of The Evaristo Family Trust Dated May 4, 2016, v. Aina Dumlao, an individual. et al.,* in the State of California, County of Los Angeles Superior Court, Department 31, Hon. Kerry Bensinger presiding.

3. I represented Defendant, Ms. Aina Dumlao, at the hearing discussed in this Declaration.

## TRIAL SETTING CONFERENCE: OCTOBER 3, 2024

**4. On October 3, 2024, I was present via LACourtConnect, the Hon. Kerry Bensinger presiding, for a Trial Setting Conference.**

5. Judge Bensinger started the hearing by first stating that the earliest that he could set the trial date for was December 2, 2024. Moreover, Judge Bensinger was adamant that he had absolutely no earlier trial dates available.

6. Opposing Counsel then objected, stating that, pursuant to CCP 1170.5 (a), the trial date must be set within 20 days of the Trial Setting Conference.

7. Judge Bensinger then, after having stated that he had absolutely no date for a trial any earlier then December 2, 2024, suddenly found that he had an open trial date for October 14, 2024.

8. I argued that the October 14, 2024, trial date – since said date was only 11 days in the future – would violate the California Rules Of Court, and the Los Angeles Superior Court Local Rules, in these ways:

1

1

2

3

4

**California Rules Of Court And The Los Angeles Superior Court Local Rules All Apply To The Instant Case:**

5

6    (a) Scope of California Rules of Court (CRC), Case Management Rules, does not exempt Unlimited Unlawful Detainer Cases from Case Management Rules: Per CRC Rule 3.700, Scope Applies To "Every Civil Case" (Unless Exempted).

7

8    (b) Local Rules Must Comply With CRC: Per CRC Rule 3.711, Local Court Rules must comply with CRC.

9

10   (c) Unlimited Unlawful Detainer Cases are not exempt from CRC Rules: Per CRC Rule 3.712 And Rule 3.720(b), Unlimited Unlawful Detainer Cases are not exempted from CRC Case Management Rules.

11

12   (d) Local Rules, of the Los Angeles Superior Court, do not have alternative procedures for Unlimited Unlawful Detainer cases, in its local Rules. Therefore only California Rules Of Court apply.

13

14

15   (e) Unlimited Unlawful Detainer Cases are not exempt from Local Case Management Rules: Per LA Superior Court Local Rules, Local Rules Of Court 3.24(b), Unlimited Unlawful Detainer Cases are not exempt from CRC Case Management Rules.

16

17

18   **THUS: Unlimited Unlawful Detainer Cases are NOT exempted under either the Los Angeles Superior Court Local Rules 3.24(b) OR the California Rules Of Court.**

19   **(f) Mandatory case management rules apply per the California Rules of Court:**

20   – Per CRC Rule 3.722, there **must be an initial Case Management Conference (CMC).** **Moreover, there had not been any Case Management Conference.**

21

22   – Per CRC Rule 3.724, a **"Meet And Confer" for a Case Management Conference must occur prior to the Initial Case Management Conference.** **Moreover, there had not been any Meet And Confer for a Case Management Conference.**

23

24   – Per CRC Rule 3.735, a Case Management Statement is required **at least 15 days prior to the initial case management conference.**

25

26

27   **(g) Per Local Rule Of Court 3.25(f):**

– There **must be a Final Status Conference.**

– Trial exhibits **must be served and filed five days prior** to the Final Status Conference.

(a) all steps required per CRC – i.e. the Meet And Confer (in anticipation of a CMC), the CMC, and the required Case Management Statement -- and,

(b) most importantly, the five (5) days, required, pursuant to the Code Of Civil Procedure, to propound discovery and conduct depositions, and also.

(c) a meaningful *Motion For Summary Judgment* to be filed after said discovery period (so that said motion could consider evidence obtained in discovery).

10. Judge Bensinger acknowledged that my arguments were perfectly valid, but disregarded them on the sole basis that, due to the tightness of his calendar, the trial date must be October 14, 2024, because he had no other availability on his calendar until December.

11. I argued that the Defendant was intending to propound discovery and was going to file a *Motion For Summary Judgment*, and that the arbitrary and capricious setting of the trial date to October 14, 2024, and the Meet and Confer to October 7, 2024, would not allow the Defendant to do either of these things.

12. Judge Bensinger nevertheless insisted that the trial date would be October 14, 2024, and the Meet and Confer (i.e. Exchange Of Exhibits) must be accomplished on Monday, October 7, 2024.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2nd Day of December, 2024, in San Diego, California.

Shiv Samtani

3

# EXHIBIT E

1  Edrin Shamtob, Esq. (SBN: 301562)
   **Email:** Edrin@snslawgroup.com
2  Bijan Shakibkoo, Esq. (SBN: 344090)
   **Email:** bijan@snslawgroup.com
3  Eva B. Kobi, Esq. (SBN: 330317)
   Email: Eva@snslawgroup.com
4  **SNS LAW GROUP, LLP**
   11400 W. Olympic Blvd., Suite 200
5  Los Angeles, California 90064
   Telephone: (424) 220-2052
6  Facsimile: (424) 220-7403

7

8  Attorneys for Plaintiffs, JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10                      **COUNTY OF LOS ANGELES**

11  JOSEPH EVARISTO AND CATHERINE          **Case No.    24STCV10207**
    EVARISTO, AS TRUSTEES OF THE
12  EVARISTO FAMILY TRUST DATED MAY        [ASSIGNED FOR ALL PURPOSES TO HON. KERRY
    4, 2016,                               BENSINGER, DEPT. 31]
13
    Plaintiff,
14                                         **PLAINTIFF JOSEPH EVARISTO AND**
                                           **CATHERINE EVARISTO, AS TRUSTEES OF**
15  v.                                     **THE EVARISTO FAMILY TRUST DATED**
                                           **MAY 4, 2016 OBJECTIONS TO DEFENDANT**
16                                         **BRU MULLER'S REQUESTS FOR**
    AINA DUMLAO, an Individual; BRU        **PRODUCTION OF DOCUMENTS, SET ONE**
17  MULLER, an Individual; and DOES 1-10,
    inclusive,                             **Action Filed: April 23, 2024**
18
            Defendants.
19

20

21  **PROPOUNDING PARTY:**        Defendant, **BRU MULLER**

22  **RESPONDING PARTY**:         Plaintiffs, **JOSEPH EVARISTO, AS TRUSTEE OF THE**

23                                **EVARISTO FAMILY TRUST DATED MAY 4, 2016**

24  **SET NUMBER:**               ONE (1)

25  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

26      Pursuant to *California Code of Civil Procedure*, Section 2031.210 et seq., comes now,

27  Plaintiff, **JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE**

28  **EVARISTO FAMILY TRUST DATED MAY 4, 2016** ("Responding Party"), hereby submitting

                                    Page 1

────────────────────────────────────────────
            **PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

*(left margin, vertical text)* SNS LAW GROUP, LLP  11400 W. Olympic Blvd., Suite 200  Los Angeles, CA 90064

the foregoing Objections to Defendant, **BRU MULLER** ("Propounding Party"), as to his Requests for Production of Documents, Set One, states as follows:

## I.    PRELIMINARY STATEMENT AND GENERAL OBJECTIONS:

1.    Responding Party has not fully completed his investigation of his claims and has not fully completed discovery with respect to matters at issue in this case and has not completed his preparation for trial. For those reasons, Responding Party's responses to the Document Requests may be incomplete. Also, there is a possibility that, upon further investigation, certain details set forth in the responses may be altered or amended. Furthermore, additional discovery and further investigation will result in additional facts, documents, or things being discovered which may result in variation from the responses set forth herein. These responses to the Document Requests represent Responding Party's reasonable effort to provide the information requested based on Responding Party's current knowledge. These responses are made without prejudice to Responding Party's right to introduce evidence of subsequent discovered facts, documents, or writings at trial. Responding Party reserves his right to produce evidence of any subsequently discovered fact or facts, to alter or amend his responses set forth herein, and otherwise to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

2.    Responding Party objects to the Document Requests to the extent that they purport to enlarge and/or modify Responding Party's obligations under the Rules of Civil Procedure.

3.    Responding Party objects to the Document Requests to the extent that they request information protected by any privilege or protection, including the attorney-client privilege or work product doctrine or any other privilege or protection, and Responding Party and his counsel hereby assert such privileges and protections.

4.    The general objections set forth above and below, and the objections to specific requests set forth below, are made as to the matters that are clearly objectionable from the face of the Document Requests. These objections are made without prejudice to or waiver of Responding Party's right to object to on all appropriate grounds to responses to Document Requests, either prior to, or at the time of response to these Document Requests.

5.    Notwithstanding the specificity of Responding Party's responses to the individual requests, Responding Party expressly incorporates these General Objections and Comments by

PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

reference as though fully set forth into its specific responses to each and every interrogatory in this set. Thus, if any objection contained in these General Objections is not restated under a specific response to an individual request, this should not be construed to be a waiver of the objection not restated below and his counsel hereby assert such privileges and protections.

## I.  PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 1:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 2:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

**PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 3:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 4:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 5:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**"

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND

2    CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY

3    4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This

4    interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before

5    discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

6    will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

7    supplement or amend their response.

8    **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 6:**

9        Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

10   ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

11   evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right

12   of privacy, and seeks information protected by the attorney client privilege and work product

13   doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis*

14   *Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of

15   California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or

16   imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH**

17   **EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**"

18   and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND

19   CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY

20   4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This

21   interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before

22   discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

23   will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

24   supplement or amend their response.

25   **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 7:**

26       Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

27   ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

28   evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

**PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 8:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

2  supplement or amend their response.

3  **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 9:**

4      Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

5  ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

6  evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right

7  of privacy, and seeks information protected by the attorney client privilege and work product

8  doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis*

9  *Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of

10  California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or

11  imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH**

12  **EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016"**

13  and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND

14  CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY

15  4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This

16  interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before

17  discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

18  will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

19  supplement or amend their response.

20  **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 10:**

21      Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

22  ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

23  evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right

24  of privacy, and seeks information protected by the attorney client privilege and work product

25  doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis*

26  *Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of

27  California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or

28  imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH**

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

**PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE**

**EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016"** and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 11:

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016"** and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 12:

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

DATED:    October 9, 2024                    **SNS LAW GROUP, LLP**

                                          By: _____*Eva B. Kobi*_____

                                          Eva B. Kobi, Esq.
                                          Edrin Shamtob, Esq.
                                          *Attorneys for Plaintiff*, JOSEPH EVARISTO AND
                                          CATHERINE EVARISTO, AS TRUSTEES OF
                                          THE EVARISTO FAMILY TRUST DATED
                                          MAY 4, 2016

**PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

1

## PROOF OF SERVICE

2

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11400 Wilshire Blvd., Suite 200, Los Angeles, California 90064. On October 9, 2024, I served the foregoing document(s) described as:

4

5    **PLAINTIFF JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

6

7

8    by method indicated below, on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

9

### SEE ATTACHED SERVICE LIST:

10

| | |
|---|---|
| ☐ | **BY PERSONAL DELIVERY:** I caused a copy of the document to be delivered personally to the individual(s) named in the attached service list. |
| ☐ | **BY OVERNIGHT DELIVERY:** I enclosed the above-listed document(s) in an envelope or package provided by an overnight delivery carrier and addressed it to the referenced in attached service list. I placed the envelope or package for collection and overnight delivery at an area regularly utilized by said delivery carrier. |
| ☒ | **BY U.S. MAIL:** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our firm's ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service, with postage fully prepaid, on the same day in the ordinary course of business. |
| ☒ | **BY ELECTRONIC MAIL**: Pursuant to Code of Civil Procedure section 1010.6 and California Rules of Court section 2.256(a)(4), I affected electronic service of the document(s) listed above by emailing an electronic PDF version of the document(s) on the person(s)/office(s) at the email address(es) set forth below. My eService address is mail from **info@snslawgroup.com** to the electronic mail addresses indicated on the attached mailing list. The transmission was reported as complete and without error. |
| ☒ | **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |

11

12

13

14

15

16

17

18

19

20

21

22    Executed on October 9, 2024, at Los Angeles, California.

23    *Eva B. Kobi*

24    ———————————————————
Eva B. Kobi, Esq.

25

26

27

28

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

1

<u>**SERVICE LIST**</u>

**THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 v. AINA DUMLAO and BRU MULLER et al.**

**Case No. 24STCV10207**

| | |
|---|---|
| **AINA DUMLAO**<br>3450 N. Cahuenga Blvd. West, Unit #510<br>Los Angeles, CA 90068<br>Tel: (310) 383-4742, (310) 926-0936<br>Email: ca.microsoft.123@gmail.com<br>aina.d.emailaddress@gmail.com<br>beth333139@gmail.com | Defendant AINA DUMLAO, *pro per* |
| **BRU MULLER**<br>3450 N. Cahuenga Blvd. West, Unit #510<br>Los Angeles, CA 90068<br>Tel: (310) 383-4742, (310) 926-0936<br>Email: ca.microsoft.123@gmail.com<br>aina.d.emailaddress@gmail.com<br>beth333139@gmail.com | Defendant BRU MULLER, *pro per* |

SNS LAW GROUP, LLP
11400 W. OLYMPIC BLVD., SUITE 200
LOS ANGELES, CA 90064

PROOF OF SERVICE

# EXHIBIT F

1  Edrin Shamtob, Esq. (SBN: 301562)
   Email: Edrin@snslawgroup.com
2  Bijan Shakibkoo, Esq. (SBN: 344090)
   Email: bijan@snslawgroup.com
3  Eva B. Kobi, Esq. (SBN: 330317)
   Email: Eva@snslawgroup.com
4  **SNS LAW GROUP, LLP**
   11400 W. Olympic Blvd., Suite 200
5  Los Angeles, California 90064
   Telephone: (424) 220-2052
6  Facsimile: (424) 220-7403

7

8  Attorneys for Plaintiffs, JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES
   OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                   **COUNTY OF LOS ANGELES**
10

11  JOSEPH EVARISTO AND CATHERINE          **Case No.    24STCV10207**
    EVARISTO, AS TRUSTEES OF THE
12  EVARISTO FAMILY TRUST DATED MAY        [ASSIGNED FOR ALL PURPOSES TO HON. KERRY
    4, 2016,                               BENSINGER, DEPT. 31]
13
    Plaintiff,
14                                         **PLAINTIFF JOSEPH EVARISTO AND**
                                           **CATHERINE EVARISTO, AS TRUSTEES OF**
15  v.                                     **THE EVARISTO FAMILY TRUST DATED**
                                           **MAY 4, 2016 OBJECTIONS TO DEFENDANT**
16                                         **BRU MULLER'S REQUESTS FOR**
    AINA DUMLAO, an Individual; BRU        **PRODUCTION OF DOCUMENTS, SET ONE**
17  MULLER, an Individual; and DOES 1-10,
    inclusive,
18                                             **Action Filed:** April 23, 2024
19          Defendants.

20

21  **PROPOUNDING PARTY:**        Defendant, **BRU MULLER**

22  **RESPONDING PARTY:**         Plaintiff, **CATHERINE EVARISTO AS TRUSTEE OF**

23                                **THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**

24  **SET NUMBER:**               ONE (1)

25  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

26      Pursuant to *California Code of Civil Procedure,* Section 2031.210 et seq., comes now,

27  Plaintiff, **JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE**

28  **EVARISTO FAMILY TRUST DATED MAY 4, 2016** ("Responding Party"), hereby submitting

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

the foregoing Objections to Defendant, **BRU MULLER** ("Propounding Party"), as to his Requests for Production of Documents, Set One, states as follows:

## I.   PRELIMINARY STATEMENT AND GENERAL OBJECTIONS:

1.      Responding Party has not fully completed his investigation of his claims and has not fully completed discovery with respect to matters at issue in this case and has not completed his preparation for trial.  For those reasons, Responding Party's responses to the Document Requests may be incomplete.  Also, there is a possibility that, upon further investigation, certain details set forth in the responses may be altered or amended.  Furthermore, additional discovery and further investigation will result in additional facts, documents, or things being discovered which may result in variation from the responses set forth herein.  These responses to the Document Requests represent Responding Party's reasonable effort to provide the information requested based on Responding Party's current knowledge.  These responses are made without prejudice to Responding Party's right to introduce evidence of subsequent discovered facts, documents, or writings at trial. Responding Party reserves his right to produce evidence of any subsequently discovered fact or facts, to alter or amend his responses set forth herein, and otherwise to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

2.      Responding Party objects to the Document Requests to the extent that they purport to enlarge and/or modify Responding Party's obligations under the Rules of Civil Procedure.

3.      Responding Party objects to the Document Requests to the extent that they request information protected by any privilege or protection, including the attorney-client privilege or work product doctrine or any other privilege or protection, and Responding Party and his counsel hereby assert such privileges and protections.

4.      The general objections set forth above and below, and the objections to specific requests set forth below, are made as to the matters that are clearly objectionable from the face of the Document Requests.  These objections are made without prejudice to or waiver of Responding Party's right to object to on all appropriate grounds to responses to Document Requests, either prior to, or at the time of response to these Document Requests.

5.      Notwithstanding the specificity of Responding Party's responses to the individual requests, Responding Party expressly incorporates these General Objections and Comments by

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

reference as though fully set forth into its specific responses to each and every interrogatory in this set. Thus, if any objection contained in these General Objections is not restated under a specific response to an individual request, this should not be construed to be a waiver of the objection not restated below and his counsel hereby assert such privileges and protections.

## I.   PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 1:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 2:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

Page 3

doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 3:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

**PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

1  supplement or amend their response.

2  **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 4:**

3        Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

4  ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

5  evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right

6  of privacy, and seeks information protected by the attorney client privilege and work product

7  doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis*

8  *Architects, Inc. v. Sup.Ct*. (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct*. (State of

9  California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or

10  imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE**

11  **EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**"

12  and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND

13  CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY

14  4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This

15  interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before

16  discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

17  will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

18  supplement or amend their response.

19  **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 5:**

20        Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

21  ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

22  evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right

23  of privacy, and seeks information protected by the attorney client privilege and work product

24  doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis*

25  *Architects, Inc. v. Sup.Ct*. (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct*. (State of

26  California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or

27  imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE**

28  **EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**"

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND

2  CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY

3  4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This

4  interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before

5  discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

6  will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

7  supplement or amend their response.

8  **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 6:**

9      Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

10  ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

11  evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right

12  of privacy, and seeks information protected by the attorney client privilege and work product

13  doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis*

14  *Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of

15  California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or

16  imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE**

17  **EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016"**

18  and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND

19  CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY

20  4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This

21  interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before

22  discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

23  will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

24  supplement or amend their response.

25  **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 7:**

26      Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

27  ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

28  evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

Page 6

of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 8:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

PLAINTIFF'S OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 9:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 10:**

Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE**

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

1  EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016"

2  and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND

3  CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY

4  4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This

5  interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before

6  discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

7  will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

8  supplement or amend their response.

9  **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 11:**

10  Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

11  ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

12  evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right

13  of privacy, and seeks information protected by the attorney client privilege and work product

14  doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis*

15  *Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of

16  California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or

17  imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE**

18  **EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016"**

19  and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND

20  CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY

21  4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This

22  interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before

23  discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request

24  will stay this matter and thus stay this discovery as well. Responding Party reserved the right to

25  supplement or amend their response.

26  **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION REQUEST NO. 12:**

27  Objection. This interrogatory is objected to on the grounds it is irrelevant, vague and

28  ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

Page 9

evidence. It is further objected to on the grounds it unnecessarily invades Responding Party's right of privacy, and seeks information protected by the attorney client privilege and work product doctrine, i.e. it reflects Counsel's evaluation of which witnesses are important. (*Nacht & Lewis Architects, Inc. v. Sup.Ct.* (McCormick) (1996) 47 Cal.App.4th 214, 217; *Coito v. Sup. Ct.* (State of California) (2012) 54 Cal.4th 480.) However, the asserted objections do not necessarily mean or imply that such information exists. Such interrogatory is seeking responses from "**CATHERINE EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016**" and that is a party that does not exist in this matter. The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written. This interrogatory is also objected to due to the fact that on October 7, 2024, two (2) days before discovery responses were due, a Notice of Stay of Proceedings based on Chapter 13. Such request will stay this matter and thus stay this discovery as well. Responding Party reserved the right to supplement or amend their response.

DATED:     October 9, 2024                    **SNS LAW GROUP, LLP**

                                 By: _____
                                            *Eva B. Kobi*

                                       Eva B. Kobi, Esq.
                                       Edrin Shamtob, Esq.
                                       *Attorneys for Plaintiff,* JOSEPH EVARISTO AND
                                       CATHERINE EVARISTO, AS TRUSTEES OF
                                       THE EVARISTO FAMILY TRUST DATED
                                       MAY 4, 2016

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

SNS LAW GROUP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11400 Wilshire Blvd., Suite 200, Los Angeles, California 90064. On October 9, 2024, I served the foregoing document(s) described as:

**PLAINTIFF JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 OBJECTIONS TO DEFENDANT BRU MULLER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

by method indicated below, on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST:**

| | |
|---|---|
| ☐ | **BY PERSONAL DELIVERY:** I caused a copy of the document to be delivered personally to the individual(s) named in the attached service list. |
| ☐ | **BY OVERNIGHT DELIVERY:** I enclosed the above-listed document(s) in an envelope or package provided by an overnight delivery carrier and addressed it to the referenced in attached service list. I placed the envelope or package for collection and overnight delivery at an area regularly utilized by said delivery carrier. |
| ☒ | **BY U.S. MAIL:** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our firm's ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service, with postage fully prepaid, on the same day in the ordinary course of business. |
| ☒ | **BY ELECTRONIC MAIL**: Pursuant to Code of Civil Procedure section 1010.6 and California Rules of Court section 2.256(a)(4), I affected electronic service of the document(s) listed above by emailing an electronic PDF version of the document(s) on the person(s)/office(s) at the email address(es) set forth below. My eService address is mail from **info@snslawgroup.com** to the electronic mail addresses indicated on the attached mailing list. The transmission was reported as complete and without error. |
| ☒ | **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |

Executed on October 9, 2024, at Los Angeles, California.

_Eva B. Kobi_
Eva B. Kobi, Esq.

1

PROOF OF SERVICE

## SERVICE LIST

**THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 v. AINA DUMLAO and BRU MULLER et al.**

**Case No. 24STCV10207**

| | |
|---|---|
| **AINA DUMLAO**<br>3450 N. Cahuenga Blvd. West, Unit #510<br>Los Angeles, CA 90068<br>Tel: (310) 383-4742, (310) 926-0936<br>Email: ca.microsoft.123@gmail.com<br>aina.d.emailaddress@gmail.com<br>beth333139@gmail.com | Defendant AINA DUMLAO, *pro per* |
| **BRU MULLER**<br>3450 N. Cahuenga Blvd. West, Unit #510<br>Los Angeles, CA 90068<br>Tel: (310) 383-4742, (310) 926-0936<br>Email: ca.microsoft.123@gmail.com<br>aina.d.emailaddress@gmail.com<br>beth333139@gmail.com | Defendant BRU MULLER, *pro per* |

SNS LAW GROUP, LLP
11400 W. OLYMPIC BLVD., SUITE 200
LOS ANGELES, CA 90064

2

PROOF OF SERVICE